IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BOOTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4497-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion to Amend Judgment (Doc. No. 9), which the Court **GRANTS**. For that reason, the Court enters an amended Memorandum Opinion and Order as well as Judgment to accurately reflect Plaintiff's claims were dismissed without prejudice.

Before the Court is Defendant United States of America's Motion to Dismiss and/or Motion for Summary Judgment Dismissing Plaintiff's Complaint (Doc. No. 6). Plaintiff did not file a response to this motion. After careful review of the motion, applicable law, and the record, the Court **GRANTS** the motion for the following reasons.

## I.    Factual Background

Plaintiff Richard Booth ("Plaintiff") claims he and another individual, Cesar Mendez ("Mendez"), formed a business, Allstar Hospitality Services, LLC ("AHS"). Plaintiff ran the Texas operations, while Mendez ran the Arizona operations. Plaintiff contends he was excluded from having access to any of the company's financial records,

which eventually caused a problem for the business partners. AHS later went out of business as a result.

On July 24, 2013, the IRS notified Plaintiff that it was initiating collection of payroll taxes owed by AHS for the quarterly periods ending June 30, 2012, and September 30, 2012. Plaintiff alleges he knew nothing about the fraudulent conduct of Mendez or of AHS's tax deficiency. On January 14, 2014, Plaintiff filed a formal Written Protest of Assessment of Unpaid Taxes with the Internal Revenue Service ("IRS"), which was denied. Collection attempts then resumed.

Plaintiff sued Defendant The United States of America ("Defendant") on December 23, 2014. In his complaint, Plaintiff seeks relief under the federal Declaratory Judgment Act and the Texas Declaratory Judgment Act related to his tax liability on behalf of AHS. Plaintiff also seeks damages for unauthorized collection actions. Defendant filed the instant motion to dismiss on February 19, 2015. Plaintiff did not respond.

## II.     Analysis

### A.     Legal Standard

Upon considering a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the court must presume all well-pleaded facts in plaintiff's complaint to be true, and resolve any ambiguities or doubts regarding the sufficiency of her claims in her favor. *Kane Enterprises v. MacGregor (USA) Inc.,* 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(although the court must take as true all of the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation."). In reviewing a Rule 12(b)(6) motion, the court may consider only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 F.3d at 570; *see Kane Enterprises,* 322 F.3d at 374 (plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim). If a plaintiff pleads facts which allow the court to reasonably infer that the defendant is liable for the alleged misconduct, the claim has facial plausibility. *Id.* Although not the same as a "probability requirement," facial plausibility calls for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *see Twombly*, 550 U.S. at 556 ("Factual allegations must be enough to raise a right to relief above the speculative level."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## B.    Analysis

A federal court's jurisdiction to grant certain types of relief is restricted by law. The federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, is one of those laws. It vests federal courts with the power to "declare rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2001. However, the DJA exempts cases related to federal taxes; specifically, "[i]n a case of actual controversy within [the federal court's] jurisdiction, except with respect to Federal taxes other than action brought under section 7428 of the Internal Revenue Code[.]" 28 U.S.C. § 2201(a); *see also Fletcher v. U.S.*, 452 Fed. Appx. 547, *5 (5th Cir. 2011)(citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n. 7 (1974)). This action is not an action arising under 26 U.S.C. § 7428. Plaintiff seeks a declaration from this Court that he is not liable for the tax liability of AHS, the resulting penalties, and the subsequent collection attempts. The DJA expressly prohibits this Court from making any such determination or declaration.

As for the relief requested under the Texas Declaratory Judgment Act ("TDJA"), this too fails. The TDJA cannot be used as a substantive law basis for a case arising under federal question. *See Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1995). Here, Plaintiff seeks a determination by this Court as to his tax liability under 26 U.S.C. § 6672, the IRS Code; this is obviously not Texas substantive law. The relief Plaintiff seeks is based on federal statute, so he cannot recover under the TDJA. *See id.* Plaintiff has failed to state a claim upon which relief can be granted as to the declarations he seeks under the DJA and TDJA.

Plaintiff's other claim seeking damages under 26 U.S.C. § 7433 likewise fails.  In order to bring a section 7433 claim, an administrative claim must first be filed with the IRS, as required under Treas. Reg. § 301.7433-1.  There is no evidence in the record that Plaintiff filed an administrative claim with the IRS related to the trust fund recovery penalties assessed against him.  Plaintiff did file a copy of his Written Protest of Assessment of Unpaid Taxes (Doc. No. 1-2) as an exhibit to his Original Complaint (Doc. No. 1).  However, this letter to the IRS does not satisfy the requirements set forth in Treas. Reg. § 301.7433-1.  After careful review of the record, the Court cannot find any evidence to show Plaintiff satisfied this mandatory requirement.  Because this exhaustion requirement is statutorily mandated, it is jurisdictional.  *Venen v. United States*, 38 F.3d 100, 103 (3rd Cir. 1994)(failure to exhaust deprives court of jurisdiction); *Information Resources v. United States*, 950 F.2d 1122, 1126-1127 (5ht Cir. 1992)(when exhaustion is statutorily mandated, the requirement is jurisdictional); *Glass v. United States*, 3:00-CV-1543-L, 2002 WL 1461924, *5-6 (N.D.Tex. March 19, 2014)(Lindsay, J.)(court does not have jurisdiction over plaintiff's § 7433 claim where record does not reflect that plaintiff exhausted his administrative remedies).  Therefore, the Court must dismiss Plaintiff's § 7433 claim for failure to first file an administrative claim with the IRS.

**III.     Conclusion**

Accordingly, the Court **grants** Defendant's motion to dismiss.  All of Plaintiff's claims are hereby **dismissed without prejudice**.

**SO ORDERED.**

Signed April 13th, 2015.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 6